IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMMED S. HUSSEIN and ROZINA HUSSEIN,

    Plaintiffs,

v.

BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-OH2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OH2; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1–50 inclusive,

    Defendants.

No. C 15-00907 WHA

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this action for violations of the California Homeowner Bill of Rights and related contract claims, defendants move to dismiss. For the following reasons, the motion is **GRANTED**.

## STATEMENT

Plaintiffs Mohammed and Rozina Hussein executed a deed of trust for a property in Hayward, California, in 2007. Plaintiffs "transferred a portion of the property to others" but remain "fully responsible" for the deed of trust. A notice of default was recorded in 2013. A notice of trustee's sale was recorded the next year, after plaintiffs applied for a loan modification (Compl. ¶¶ 11–17).

Plaintiffs filed a state court lawsuit regarding the notice of default and notice of trustee's sale, and defendants removed here on the basis of diversity jurisdiction for removal. Plaintiffs allege several violations of the California Homeowner Bill of Rights, primarily claims related to a lack of statutorily-required notice, and also allege related contract claims. For the following reasons, plaintiffs' lawsuit is **DISMISSED**.

## ANALYSIS

Plaintiffs allege that defendants violated several statutes enacted as part of the California Homeowner Bill of Rights. *First*, plaintiffs allege that they were not contacted regarding the notice of default in the ways mandated by California Civil Code Section 2923.5, and that, as a result, they are entitled to injunctive relief under Section 2924.19(a)(1). *Next*, plaintiffs allege violations of Sections 2923.55 and 2924.7, and request injunctive relief under Section 2924.12. Plaintiffs' final statutory claim alleges a violation of Section 2923.6(c)–(d), for recording the notice of trustee's sale while plaintiffs' loan modification application remained pending. Based on these statutory violations, plaintiffs allege breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, and violation of the California Unfair Competition Law (Compl. ¶¶ 19–25, 29, 36, 39, 45, 46, 50, 52).

Except for Section 2924.7, all of the allegedly-violated statutes apply solely to first lien mortgages or deeds of trust secured by *owner-occupied* residential real property. Plaintiffs, however, never allege that they occupied the property in dispute. Section 2924.7, in turn, seems to have been alleged by mistake. This section is alleged in the context of defendants' alleged failure to provide plaintiffs with a single point of contact, but the section does not discuss any such requirement. This section instead relates to the enforcement of provisions regarding maturity-date accelerations and disbursements of property-insurance proceeds. Defendants suggest that plaintiffs must have meant to allege a violation of Section 2923.7, which does relate to a single-point-of-contact requirement. However, even if that were the case, Section 2923.7, like the other statutes named in the complaint, is only applicable to deeds of trust secured by an *owner-occupied* residential real property. *See* Cal. Civ. Code

§ 2924.15(a). Since plaintiffs never allege that they occupied the property in question, they fail to state a claim under any of the relevant statutory provisions.

The remaining claims are based entirely on the alleged statutory violations. Thus, plaintiffs also fail to state a claim for breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, or violation of the California Unfair Competition Law. Defendants' motion to dismiss is **GRANTED**.

Defendants request that leave to amend be denied, since the property in question is not "owner-occupied." For support, defendants request judicial notice of three documents, but none of these documents prove conclusively that the property in question is not owner-occupied. As such, this order does not hold that amendment would be futile.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. The hearing set for May 28, 2015 is **VACATED**. Plaintiffs will have until **MAY 12, 2015 AT NOON**, to file a motion, noticed on the normal 35-day calendar, for leave to amend their claims. A proposed amended complaint must be appended to this motion. Plaintiffs must plead their best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes. If such a motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: April 28, 2015.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE